UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 20 cr 325 (SHS)

DESIRAE SCHNEIDER,

Defendant.

Conference

------------------------------x

New York, N.Y.
May 20, 2022
10:00 a.m.

Before:

HON. SIDNEY H. STEIN,

District Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
BY: REBECCA T. DELL
Assistant United States Attorney

PAUL WEISS
Attorneys for Defendant
BY: ROBERTO FINZI

Also Present:
Adam S. Pakula, U.S. Probation (SDNY)
Seth Grennan, U.S. Probation (NDI)

(Case called)

THE DEPUTY CLERK: Counsel, please state your names for the Court and the record.

MS. DELL: Good morning, your Honor. This is Rebecca Dell for the government.

THE COURT: Good morning.

MR. FINZI: Good morning, your Honor. This is Roberto Finzi. I'm on CJA duty today, and I was asked to appear.

THE COURT: All right. Just a moment. I put aside my notes. I want to make sure we capture them.

All right, Mr. Finzi, you're showing up on my screen as someone else. But indeed you do look like Mr. Finzi.

Who do we have from probation?

MR. PAKULA: Good morning, your Honor. Adam Pakula from Southern District probation.

THE COURT: Good morning.

Do we have Ms. Grennan from the Northern District of Illinois?

MR. GRENNAN: Good morning, your Honor. Seth Grennan with United States Probation.

THE COURT: Mr. Grennan. Thank you, sir.

All right. We have a prosecutor. We have a defense attorney.

Mr. Finzi, I believe you just came on to matter. Is that correct?

MR. FINZI: I did, your Honor. I was brought in two days ago. I've had the briefest opportunity to speak to Ms. Dell and to my client, but that's pretty much it.

THE COURT: For the record, this is a violation of supervised release proceeding. The probation department has brought a petition for a violation of supervised release against Ms. Schneider.

And we have present, as the record states, the prosecutor, two individuals from the probation office. This defendant is being supervised out of the Northern District of Illinois. Mr. Grennan is on for that. And we have the defendant, and we have the defense attorney.

My deputy tells me -- and she's quite correct -- I made an extraordinary variance in this case. In light of the particular circumstances of the case, I sentenced Ms. Schneider to probation. So it's not a violation of supervised release. It's a violation of probation. I stand corrected, and I thank my deputy for pointing that out.

I do wish to inform you, Ms. Schneider, what the specifications are. Specifically, specification number 1 is that on or about November 3 of 2021 through January 22, you committed the federal crime of wire fraud in violation of 18 U.S. Code, Section 1344, which is a class C felony and a violation of the mandated condition of probation and a grade B violation insofar as you stole approximately $18,079.50 from

the victim.

Specification number 2 is that on the same dates and also in the Southern District of New York, you committed the federal crime of identity theft in violation of 18 U.S. Code, Section 1028A, a class A felony, which is an alleged violation of the mandated condition of probation and a grade B violation of that insofar as you impersonated an employee of an apartment management company, as well as a lawyer in furtherance of the fraud which is set forth in specification number 1.

Mr. Finzi, I don't know if you've spoken to your client yet. But I think in order to move this along, I should obtain either an admission or denial of the two specifications.

MR. FINZI: Your Honor, I have. Just for today's purposes, we're going to deny the specifications.

THE COURT: Ms. Schneider, do you admit or deny specification number 1?

THE DEFENDANT: Deny.

THE COURT: And do you admit or deny specification number 2?

THE DEFENDANT: Deny.

THE COURT: All right. Thank you. The record reflects those denials.

I've read the petition. I don't know that we need to put it on the record. There are additional items that concern me; that is, at least as of the date the violation memorandum

was given to me, there were some outstanding matters:

One, Ms. Schneider had not provided any documentation of her employment for two virtual employers. She had not done any community service of the 200 hours of community service that I had instituted in lieu of incarcerating her, among other things.

And she had provided no documentation of her mental health treatment. All of those were conditions of her probation. And she had not completed a number, a couple of score biometric check-ins for her location, checking in on her location.

As I understand it, Mr. Pakula, that was changed to an ankle monitor. Is that right?

MR. PAKULA: That is correct, your Honor. And Officer Grennan can certainly provide your Honor with additional information on that.

THE COURT: That's the information I have. Let me turn first to Ms. Dell and ask whether she wanted to add anything. I take it from what Mr. Finzi said is the parties need time to discuss this.

But what would the government like to tell me? If anything.

MS. DELL: I think in terms of next steps, I talked to Mr. Finzi about entering a protective order and then providing discovery. So I think setting a conference out probably in 30

or 45 days would make the most sense, although I'm amenable to other ideas.

THE COURT: Did you want to tell me anything else about the ongoing issues that I've mentioned? Failure to provide documentation of employment, not doing a single minute of 200 hours of community service, no documentation of her mental health treatment?

MS. DELL: It's obviously concerning for the government. I don't have additional details on that. But perhaps the probation officer in Illinois does.

THE COURT: All right. Mr. Grennan, what would you like to tell me? Are those issues still extant?

MR. GRENNAN: Your Honor, I would just say that I've asked Ms. Schneider for verification of these things. And some I've gotten; some I have not. And that's something that I'm going to work with her on.

THE COURT: That sounds rather generous of you. In other words, you're not seeking a direction from me that she provide all of that information? If that's so, that's fine with the Court.

MR. GRENNAN: I would just say that what I have been given I don't know that I have a complete picture of all that's going on.

THE COURT: All right. Mr. Finzi, let's work with your client to get Mr. Grennan a complete picture.

MR. FINZI: I was going to say, your Honor -- I'm obviously very new to this and need a little bit of time to speak with my client and look at the information. I think there's a history to this case.

But I'll get on it as quickly as I can. And we will coordinate with probation, both in the Southern District and where my client is now, which I think is the Northern District of Illinois?

THE COURT: Yes. The Northern District of Illinois.

MR. FINZI: I think Ms. Dell's proposal makes sense, your Honor. If you can give me three weeks or so to get on top of the documentation and the history of the case, we can come back to the Court and report. And hopefully we'll have something positive to say.

THE COURT: You need to have something positive to say because all of this is very concerning to me, again, given what the sentence was.

Mr. Pakula, is there anything you wish to add?

MR. PAKULA: No, your Honor. I'll stay in contact with Officer Grennan in Illinois and provide additional details to the Court, if anything additional arises.

THE COURT: All right. Ms. Blakely, why don't you give me something about a month from now where we can do this again.

THE DEPUTY CLERK: Friday, June 24, at 11:00 a.m.

MR. FINZI: Let me check that for one second, your Honor.

I'm sorry, Ms. Blakely. Can I get that date again.

THE DEPUTY CLERK: June 24.

MR. FINZI: At what time?

THE DEPUTY CLERK: 11:00 a.m.

MR. FINZI: That works for me, your Honor, if it's okay.

THE COURT: Okay. June 24, 11:00 a.m. We'll do it electronically. And for the record, this is being done over the MS Teams platform.

Ms. Schneider, you're aware that the pandemic has made it more difficult to appear in court.

Correct?

THE DEFENDANT: Yes, your Honor.

THE COURT: And you understand you have a right to speak privately with your attorney and have your attorney right next to you.

Do you understand that?

THE DEFENDANT: I do, your Honor.

THE COURT: Now, on these MS Teams platforms, my deputy has the ability, I believe, to set up a private room electronically for you to talk with your lawyer. And if that's not true on this particular platform, we can certainly establish a way for you and your attorney to talk to each other

through a private cellphone.

What's important is that you understand that although your attorney is right next to you, you still have the ability to talk privately with your attorney.

Do you understand that?

THE DEFENDANT: I do.

THE COURT: And are you prepared to waive those rights and to have this conference, as well as the next conference, take place on this MS Teams platform so that you can remain in the Northern District of Illinois?

THE DEFENDANT: I do. Thank you.

THE COURT: All right. Fine. Then we'll use this platform the next time as well.

Anything else, government?

MS. DELL: No, your Honor.

THE COURT: Anything else, defense?

MR. FINZI: No, your Honor. Thank you.

THE COURT: All right. What I've tried to make clear is that I'm certainly concerned about what is happening here. And I'm glad Mr. Pakula and Mr. Grennan brought this to my attention, but it has to stop. Thank you. The Court is leaving the call.

MR. FINZI: Thank you, your Honor.

(Adjourned)